**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Hudson Associates, LLC,

       Plaintiff,                                    Case No. 3:16CV1167

      v.                                              **ORDER**

Aerofil Technology, Inc.,

       Defendant.

The complaint in this case, originally filed in the Southern District of Florida, alleges that the defendant, Aerofil Technology, Inc. (Aerofil), fraudulently billed the plaintiff, Hudson Associates, LLC (Hudson), for Hudson's services pursuant to a services contract. The Southern District of Florida Court, finding it had no personal jurisdiction over Aerofil, entered an order dismissing the complaint.

That Court also considered and denied Aerofil's motion to transfer the case–though dismissed–to the Eastern District of Missouri, where Aerofil is located and conducts its principal business. Instead, the Court granted Hudson's motion to transfer the case to this District.

In granting Hudson's motion and denying Aerofil's motion, that Court simply stated:

> the Court finds that justice requires transferring this matter to a federal court that could have originally exercised jurisdiction over this case. *See* 28 U.S. Code § 1631. Plaintiff has moved to transfer this case to the United States District Court for the Northern District of Ohio, arguing that the Defendant, in its filings with this Court, has essentially conceded that Ohio courts could exercise personal jurisdiction over it. The Defendant moved to transfer this case to the United States District Court for the Eastern District of Missouri, arguing that Missouri has a closer relationship to the

underlying allegations and that Missouri would be more convenient for the majority of witnesses.

It is well-established that the "plaintiff is the master of the complaint and has the right to select [the] forum." *Ott v. Wal-Mart Stores, Inc.*, No. CIV.A 509CV00215HL, 2010 WL 582576, at *1 (M.D. Ga. Feb. 16, 2010) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1537 (11th Cir. 1997)). Therefore, having found that this matter could have been originally filed in Ohio, *see* Ohio Rev. Stat. 2307.382, the undersigned will honor Plaintiff's request to transfer this case to the United States District Court for the Northern District Court of Ohio. Defendant's argument that transfer to the Northern District of Ohio is inappropriate is disingenuous at best–especially after asserting in its Motion to Dismiss that it directed substantial business activities at the State of Ohio.

(Doc. 50) (internal references to the record omitted) ("Transfer Order").

Pending is Aerofil's Renewed Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the Eastern District of Missouri, (Doc. 99), which Hudson opposes. (Doc. 100).

For the reasons that follow, I grant the motion.

## Discussion

### 1. Law of the Case Doctrine

To begin with, I reject Hudson's contention that the law of the case doctrine keeps me from considering whether transfer is appropriate in light of the standard and factors that § 1404 mandate.

The Sixth Circuit has recently restated the components of the law of the case doctrine:

Application of this doctrine is "limited to those questions necessarily decided in the earlier [decision.]" *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). "[T]he phrase 'necessarily decided' . . . describes all issues that were 'fully briefed and squarely decided' in an earlier [decision]." *Vander Boegh* [*v. EnergySolutions, Inc.*], 772 F.3d [1056,] 1071 [(6th Cir. 2014)] (citation omitted).

*Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016).

The term "squarely decided" means issues "expressly or impliedly" decided in the prior decision. *See Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 F .App'x 370, 374 (6th Cir. 2004) (internal citations omitted).

As is plainly apparent from the text of the Transfer Order, the Court looked solely to 28 U.S.C. § 1631. That provision prescribes, without express reference to choice, among available options, of venue, what a court should do on a finding of "want of jurisdiction"–namely, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought . . . ." 28 U.S.C. § 1631.

Not only does the Transfer Order simply cite § 1631, but also it merely recites only that sections's terminology ("interest of justice", "could have been brought") as the basis for its decision to send the case to this District.

Even assuming the parties "fully briefed" the issues attendant on § 1404, nothing in the Transfer Order indicates the Court either gave thought to, much less took heed of, that provision's statutory factors for deciding venue disputes. A court cannot, even "impliedly", decide something, much less do so squarely and fully, entirely *sub silentio*.

The Transfer Order, accordingly, is not the law of the case.

### 2. The 28 U.S.C. § 1404 Factors

### A. Location of Witnesses

Section 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

Hudson, a citizen of Ohio with its principal place of business in Maumee, Ohio, could have originally filed its complaint in this court. What matters, then, is "the convenience of parties and witnesses, in the interests of justice." To grant Aerofil's motion for change of venue, I must, on conducting a balancing test, conclude the applicable factors weigh "strongly in favor of transfer." *Travelers Cas. & Sur. Co. v. Philadelphia Reinsurance Corp.*, 2001 WL 631328, *2 (N.D. Ohio) (Carr, J.) (internal citation and quotation marks omitted).

To ascertain the convenience of the parties and that which is the "most important" or "prime factor," *F.T.C. v. Mazzoni & Son, Inc.,* 2006 WL 3716808, *3 (N.D. Ohio)–namely, the convenience of the witnesses–I am principally to consider the location of the witnesses, operative facts, and evidence, and such other matters bearing on the interest of justice. *E.g., Travelers, supra*, 2001 WL 631328 at *2.

Hudson references three potential Ohio-based trial witnesses. Aerofil represents that it expects potentially calling no fewer than eighteen Missouri-based witnesses, including Aerofil's president, Pat Bergin, its CEO, Bob Dunaway, and several other company officers and officials.

In addition to claiming that Aerofil breached the contract, Hudson asserts a fraud claim, alleging it was a victim of false billing for several years. Fraud claims are usually complicated and time-consuming at trial. Even absent a demand for punitive damages, which the complaint in this case does not assert, a trial of at least two weeks, if not more, appears possible, if not likely.

While both parties will call core managerial and operational personnel, the numbers of such personnel appears substantially greater for Aerofil than Hudson. Aerofil's abilitly to conduct its other

4

business would appear, accordingly, to be affected adversely by a trial in Toledo than Hudson's ability to do so if trial were in the Eastern District of Missouri.

Aerofil represents, moreover, that some of its witnesses no longer work for it. As such, Aerofil could not compel personal attendance by such witnesses at trial in Toledo. This is a "relevant factor" under § 1404(a). *Mazzoni & Son, Inc.*, *supra,* 2006 WL 3716808 at *3. Some former employees may be willing, voluntarily, to travel in order to participate, but others may not, especially if departure from their former employer was unwelcome or the distant witness has no vested interest in the litigation. *See Tarkett USA, Inc. v. Harnix Corp.*, 2017 WL 2443139,*6 (N.D. Ohio).

Video testimony, whether by way of pre-recorded trial deposition or live at trial, would be, of course, an option. However, it has been my experience (and I suspect I am not alone) that there is no real substitute for having the witnesses in court for jurors to view and hear first-hand. Justice is best served for everyone when that occurs.

Finally, I note, as does Aerofil, that Hudson, when it filed this case in the Southern District of Florida, apparently anticipated no problem with having its witnesses travel to Florida. Its expressions of concern now about them having to go to Missouri ring a tad hollow.

Thus, with regard to non-employee witnesses, trial in the Eastern District of Missouri is more appropriate.

### B. Location of Operative Facts

The "operative facts" involved in deciding to transfer elsewhere include the location of: the parties, the acts giving rise to the complaint, and the negotiation and performance of the agreement at issue.

5

Though Hudson is in Ohio and does business here, Aerofil executed the agreement in Missouri. The negotiations leading to the agreement took place, at least in part, in Missouri, as Hudson's representative went there to meet with Aerofil and discussed the production or pricing, which is a central part of this litigation. In addition, Aerofil packaged the products in Missouri.

To be sure, the parties also communicated with one another between Ohio and Missouri, and Aerofil sent bills to Hudson in Ohio, but payment was approved in Florida, where Hudson's president resides.

As noted, Aerofil's billing decisions and practices are at the core of this case. How Aerofil made those decisions and who made them relate solely to Missouri and have nothing to do with Ohio. While the impact of those decisions, if wrongful, may, in part, have had an effect on Hudson in Ohio, that goes to the issue of damages, while whether what Aerofil did was wrongful relates exclusively to events that took place in Missouri.

I conclude, therefore, that the location of the operative facts strongly favors transfer to the Eastern District of Missouri.

### C. Location of the Evidence and Convenience of the Parties

Historically, where evidence–especially pertinent documents–were located was an important factor. Where allegedly fraudulent activity was at issue, as here, particularly where the alleged fraud occurred over several years, the bulk of the evidence with regard to such activities most likely would be found wherever the defendant engaged in those activities.

But that is not so, at least not necessarily so, in our digital age. I agree, accordingly, with other Judges in our District, *see, e.g., U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881 (N.D. Ohio 1999)*; Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570 (N.D. Ohio 1998), and in the

Southern District, *see, e.g., Int'l Paper Co. v. Goldschmidt*, 872 F. Supp. 2d 624 (S.D. Ohio 2012), that the location of evidence is, at most, a minor consideration when determining the more appropriate venue. So far as I can tell, in this case, there is no reason to give any consideration as to where the evidence is located, as I assume it is all located or accessible on the parties' computers, from which they can make digital copies to exchange with one another.

I also assume that it is equally convenient (or equally inconvenient) for the parties to handle production and retrieval of the evidence, such that the factor of convenience, likewise, does not tilt one way or the other.

**D. The Interest of Justice**

This case aries from a private contract, and the issues involved are of concern and interest only to the parties to that contract. However the case comes out, the outcome will not affect others in either Ohio or Missouri: there are no overarching legal issues, and there is no outcome, regardless of what it might be, that can affect anyone other than the parties.

To the extent that, on a micro-, rather than a macro-, scale my decision affects the interests of justice, I have already noted earlier in this order that transfer of this case to Missouri better serves such interests *vis-a-vis* those who may become witnesses.

I see no other interests that are involved or at stake that outweigh those interests.

**Conclusion**

The Southern District of Florida's transfer of this case, not being based on consideration or application of 28 U.S.C. § 1404(a), is not binding on me. Applying the § 1404 factors, I conclude that the convenience of the witnesses is, under all the circumstances, the paramount consideration in this case. In addition, the operative facts relating to this dispute occurred to a greater extent in

Missouri than anywhere else. The location of the evidence is, quite simply, immaterial. And the interests of justice, to the extent at all affected, favor, in light of the location of the majority of the witnesses, transfer from this court to the Eastern District of Missouri.

It is, accordingly, hereby,

ORDERED THAT: the defendant's motion to transfer venue (Doc. 99) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge